UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
700 Stewart Street, Suite 2310
Seattle, WA 98101
(206) 370-8400

**20-CV-0294 JLR**

| | | |
|---|---|---|
| ANDREW U. D. STRAW, | ) | |
| *Plaintiff,* | ) | Case No.: |
| | ) | <u>Hon.</u> |
| v. | ) | Judge Presiding |
| | ) | <u>Hon.</u> |
| AVVO, INC., | ) | <u>Magistrate Judge</u> |
| *Defendant.* | ) | Jury Trial Demanded |

## COMPLAINT

I, *claimant* Andrew U. D. Straw, having been defamed by the website of Avvo.com and injured and discriminated against by the same site, thus COMPLAIN:

## ARBITRATION

1. Avvo had a provision in its Terms of Service that one must use its arbitration mechanism with JAMS for controversies. However, I applied for this and was granted a form of *in forma pauperis* fee waiver, but Avvo refused to pay the fee. After waiting months, JAMS told me that I would have to pay the fee even though I was so destitute as to qualify for the fee waiver.

2. Wherefore, Avvo has deliberately failed to cooperate with its own contractual provision by not paying the fee JAMS asked of it.

1

3. This represents a waiver of the arbitration provision after my good faith attempt to use it. Not being satisfied and still injured, I now sue as not bound by the Terms of Service adhesion contract of Avvo.

## FACTS RE AVVO & DISCIPLINE

4. Avvo maintained a web profile of me on its directory of all lawyers. It placed false information that made me look terrible and like I am not able to practice law anywhere. See **Exhibit 2**, pp. 2-4.

5. I printed my Avvo profile as its existed on 9/28/2019, to a PDF and this PDF is included as **Exhibit 1 (pp. 7, 12, & 13)**. This is the URL that takes you to the Avvo profile (which I printed) about me and about which my case here was filed: https://www.avvo.com/attorneys/20005-dc-andrew-straw-1901411.html

6. Please note that the **3.1 score out of 10** is present on this website still This is a very low score and reflects extremely badly about me and my ability to practice law.

7. Very few potential clients would hire someone with such a low score.

2

8. The reason for this score is my Indiana discipline. *In Re Straw*, 68 N.E.3d 1070 (Ind. 2/14/2017). I have explained the illegitimacy of this discipline at the following websites, which I hereby incorporate:

9. http://discipline.andrewstraw.com

10. http://dueprocess.andrewstraw.com

11. http://curtishill.andrewstraw.com

12. Avvo made such a big statement about the explosion of false Indiana discipline at the top of my profile, right next to my picture and in red, but would not even post the link to the Virginia State Bar ORDER calling that Indiana discipline a "drive-by shooting." **This Indiana discipline is disputed.** This is the VSB ORDER disputing it, rejecting it completely: https://www.vsb.org/docs/Straw-062217.pdf

13. Given the fact that I have sued for nearly two decades of discrimination by the Indiana Supreme Court shows that dissent from VSB to my former employer's bogus discipline, there should at least have been a statement that another state, a larger state, disagreed completely and absolutely. That larger state, Virginia, said I met the **clear and convincing evidence** standard to show I

deserve **NO DISCIPLINE AT ALL**. VSB imposed no discipline, explaining that my so-called frivolous filings were not in fact "totally frivolous." *Moseley.*

14. It is nonsensical that an ADA coordinator can retaliate against my complaint and leave me with **over 3 years of suspension**. I should have had my license reinstated, a thorough rebuke of the Indiana Supreme Court, and monetary damages to match ***19 years of deliberate discrimination, retaliation, and dishonesty***. Even the 7th Circuit participated in the dishonesty by hiring my Indiana hearing officer when I was suing him before the 7th Circuit. That court soured on me in every single appeal since that time. http://ca7.andrewstraw.com

15. The 7th Circuit **hired that hearing officer** and made him **a federal judge**, but that's not enough. *Straw v. U.S. District Court, et. al.*, 1:18-cv-278-CMH (E.D. Va.) (**Dkts. 7 & 20**). I have a statement about this at the U.S. Supreme Court, but I could get no justice **ANYWHERE**. https://www.supremecourt.gov/DocketPDF/17/17-7499/42922/20180410140826934_00000001.pdf

16. My trial judge who dismissed my case against that hearing officer participated and was on the committee hiring him when she dismissed my lawsuit. *Straw v. Indiana Supreme Court, et. al.*, 1:16-cv-3483-JMS (S.D. Ind. **2/16/2017**). It should be no surprise that the dismissal happened 2 days after the discipline was imposed on me **using the hearing officer's report**. *In Re Andrew U. D. Straw*, 68 N.E.3d 1070 (Ind. **2/14/2017**).

17. Avvo is cooperating with this Indiana ADA discrimination and retaliation and is expanding the reach of injury to the entire world.

18. I cannot think of another state supreme court so dishonest as the one in Indiana. Part of this is because Indiana has 5 Republican justices chomping at the bit to injure someone who sacrificed for them. They want to prevent me from being a disability rights public figure[1] and civil rights lawyer. Their lies have been adopted and promulgated by Avvo on my profile. I, meanwhile, was disabled by the crimes of others: http://crime.andrewstraw.com

---

[1] https://courts.illinois.gov/R23_Orders/AppellateCourt/2015/1stDistrict/1143094_R23.pdf (page 2)

19. A reckless driver broke both my legs and my pelvis while I was on the way to work at the Indiana Supreme Court and my reward was FMLA violations, ADA Title II violations (admitted), and retaliation when I made complaints. You can see my injuries from serving that Court and NO ONE has the right to help them injure me by attacking my disability rights cases. It is morally heinous to hurt me after my sacrifices to 400 state courts, including the court that won't stop discriminating against me. http://disability.andrewstraw.com

20. It is so bad for me that I am seeking asylum in the Philippines for human rights violations and political abuses in the United States.

21. SHAME ON INDIANA. SHAME ON AVVO.

22. I have provided websites with information about my disabilities and the discrimination flowing from them and these should be considered here: http://disability.andrewstraw.com and http://camplejeune.andrewstraw.com

23. Some false information Avvo had on my profile this year regarding my Virginia State Bar law license has been removed.

24. Removing that false information that I was not active but disabled is an admission on the part of Avvo that the information was false.

25. I proved this to Avvo by presenting my 2016 VSB card which showed that I was active in good standing since July of 2016. This is over 3.5 years ago and Avvo should have had the proper information about me for the entire last 3 years. My initiating documents for JAMS arbitration show that Avvo did not correct the error until 2019, after I demanded it.

26. While I am pleased that Avvo corrected this egregious error so easily verified by VSB at any time, presenting me to the public as having **no active law license** was exceptionally hostile and dishonest. This is the largest directory of American lawyers on the planet. To hurt me here causes me maximum distress, damage to my reputation, and represents collusion with Indiana to hurt me.

27. Not only was the VSB ORDER wholly absent, my VSB license was falsely presented as being in disabled status.

28. I believe **$250,000** for that kind of injury to a civil rights leader and lawyer is modest. This injury can go on and on and on

7

after 3 years of misleading the public. NO WONDER I have not had any clients from Avvo, not even in Virginia. When Avvo says I have no active law license because I was punished and puts a red statement about the Indiana discipline, and judges me as a lawyer at **3.1/10**, that is collusion with Indiana to ruin my life and my career. This is part of the Indiana scheme to make sure I am defined as being incompetent, and that I have no clients and stay in poverty. It's right there in **red** on my Avvo profile.

29. Avvo also had no right to say that I was in disabled status, even if I was. This status up to 2016 was an accommodation by VSB for my disability. Avvo had no right to even present that status without getting *my permission* prior to 2016 and **no such permission was requested or happened.**

## PERSONAL FACTS

30. My residence is in the Philippines now. I have no office myself.

31. I have engaged in reform efforts to protect disability access.

32. I live at 40% of the poverty level now because I support my home health aide and 4 Filipino children whose fathers abandoned

them or were murdered in front of them. Due to the lack of justice in the United States, the abuses of my person, and many violations of my human rights under International Law, the Philippines Department of Justice certified me as an asylum seeker on **October 2, 2019**. Exhibit 2. I remain in this status as of February 25, 2020.

## DISABILITIES

33. I have severe physical and mental disabilities from public service. I hereby incorporate by reference the following documents from *Straw v. Village of Streamwood, et. al.*, 3:16-cv-50387 (N.D. Ill.): my affidavit regarding disabilities, Exhibit 4 in that case, and all evidence thereof mentioned in that affidavit, Exhibits 5-10. The x-rays of my broken legs and pelvis are easily seen on the webpage I set up to display and explain my disabilities, including mental ones: http://disability.andrewstraw.com

34. I have been attacked for having mental disabilities from being poisoned at my birth when I was born aboard Camp LeJeune Naval Hospital, part of a massive EPA Superfund site. http://camplejeune.andrewstraw.com

35. I have been adjudicated as disabled by Illinois Court of Appeals, which recognized that **I am a disability rights public figure**. *Straw v. Chamber*, 2015 IL App (1st) 143094-U (at *2).

36. Further, the U.S. Department of Education forgave my $52,000 student loan due to my being on SSDI with severe disabilities. This disability forgiveness was finalized on or about September of 2017.

37. I am a disability rights political figure because I founded "Disability Party" on 2/5/2013 and it now has thousands of followers in the U.S.A. and abroad.

38. The ADA Amendments Act of 2008 guarantees that mitigating or ameliorating treatments should be disregarded when considering the disability. 42 USC §12102(4)(E)(i). The same standard is true of the Rehabilitation Act of 1973.

39. The state of my right hip and right femur and left leg and ankle show that I would be in a wheelchair all the time without that metal keeping me together. I am even missing a large portion of the top of my right femur from the total hip replacement, which includes a prosthetic partial femur. I must be considered as a

person who uses a wheelchair because I could be in that state with a single trip and fall, I have used a wheelchair in the past, and the ADA says I am in that "wheelchair-using state" forever **as a matter of law**. 42 USC §12102(4)(E)(i). *See*, affidavit on disability and x-rays.

40. I have sued the City of South Bend in Indiana and sought the assistance of the Federal Highway Administration's Office of Civil Rights in 2015. *Straw v. City of South Bend, et. al.*, 3:16-cv-342-JED-MGG (N.D. Ind.). FHWA assisted me.

41. FHWA said that blocking accessible features with snow is prohibited under the ADA, Title II. (Exhibit 16, *Straw v. Streamwood*). I settled with South Bend years ago. Similarly, I settled with Kane County, Illinois, on or about March 2017 due to that local government leaving a large pile of snow in 50% of its handicap parking serving the Election Board office when I was a congressional candidate there.

42. These settlements are evidence that my ADA work in the N. District of Illinois and the N. District of Indiana is yielding some results for people with disabilities. I have also set an Illinois human

rights precedent that businesses deliberately piling snow into handicap parking is discrimination on its face. *Straw v. Reposteria*, 2015CP3451 (Ill. Hum. Rts. Comm. 2018). I had standing to do this because of my physical disabilities obtained from my sacrifice to 400+ Indiana courts.

43. The Indiana Supreme Court has discriminated against me for the past **18 years** for the reasons I gave in *Straw v. Indiana Supreme Court, et. al.*, 1:16-cv-3483-SEB-TAB (S.D. Ind. 2/16/2017) and *Straw v. Indiana Supreme Court, et. al.*, 1:15-cv-1015-RLY (S.D. Ind. 2016). See also *Straw v. Indiana, et. al.*, 2019-147 (Vt. 2019) and *Andrew U. D. Straw v. State of Indiana, by Gov. Eric Holcomb*, 49D10-1907-PL-030392 (Marion County Superior Court #10). See also: http://camplejeune.andrewstraw.com/

44. I am also suing the United States in Virginia for the massive due process disability civil rights violation infestation in the Midwest federal courts, including the **7th Circuit hiring my appellee** and making him a **federal judge** before disfavoring me in his favor in my appeal. *Straw v. U.S. District Court, et. al.*, 1:18-cv-278-CMH (E.D. Va.) (**NB: Dkts. 7 & 20**).

45.     I am very sensitive and absolutely intolerant to disability discrimination and denial of my rights to accommodations and this increases the level of damages that are due here.

## COUNT I: DEFAMATION

46.     The falsehoods on my Avvo site, including falsely suggesting that I had no active law license in Virginia and the **3.1/10 rating**, was defamation that injured me in my reputation and law practice and colluded with my abusers in Indiana. I claim **$750,000** in damages for the defamation, which had no excuse.

## COUNT II – ADA TITLE II VIOLATIONS

47.     To cooperate with the Indiana Supreme Court and its total ban on any disabled person having an active law license was collusion under the ADA regulations, and thus subject to compensatory damages under *Barnes v. Gorman*, 536 U.S. 181 (2002). 28 CFR §§ 35.130 & 35.134 ("**No public or private entity…**"). The Title II Technical Assistance Manual explains private entities being covered.[2] I had the right the right to file a lawsuit under the

---

[2] https://www.ada.gov/taman2.html#II-3.11000

II-3.11000 Retaliation or coercion. Individuals who exercise their rights under the ADA, or assist others in exercising their rights, are protected from retaliation. The prohibition against retaliation or coercion applies broadly to any individual or entity that seeks to prevent an individual from

13

ADA as an aggrieved person with a disability. 42 U.S.C. § 12133. The ADA provides no exception for when a judge "thinks" a lawsuit is frivolous. Indiana punished me in retaliation for my ADA complaints and attacked 4 lawsuits asserting disability rights under the ADA against literally scores of defendants. Whether I was right or wrong on the law, I had facts that showed discrimination. Neither Indiana nor Avvo has the right to punish me for my disability work. Indiana may control a silo of disciplinary power, but that does not protect Avvo from colluding with discrimination.

48. The Virginia State Bar exoneration was publicly known and I presented it to Avvo, but Avvo insisted on placing the Indiana Supreme Court's suspension on my profile for 3 years. I asked to remove the profile, but Avvo would not. I claim discrimination damages for the collusion with Indiana at **$250,000**.

49. **TOTAL DAMAGES: $1,000,000**

---

exercising his or her rights or to retaliate against him or her for having exercised those rights. Any form of retaliation or coercion, including threats, intimidation, or interference, is prohibited if it interferes with the exercise of rights under the Act.

ILLUSTRATION 1: A, a private individual, harasses X, an individual with cerebral palsy, in an effort to prevent X from attending a concert in a State park. A has violated the ADA.

## PRAYER FOR RELIEF

50.  I demand **$250,000** in compensatory damages. I do not claim punitive damages. When a state like Indiana engages in a **"drive-by shooting"** and then corrupts the federal courts to protect those abuses, no private corporation must protect this at risk of contributing to it and *making it worse*. I further seek the below declaratory judgment and all other relief the Court or a jury may deem proper under the circumstances.

## DECLARATORY JUDGMENT

51.  I seek declaratory judgment if an attorney who disabled is suspended as Indiana has done and another state exonerates him, he or she may ask all attorney directory websites like Avvo to remove her or his profile with information about the suspension and it must be done when asked and with no delay. Insisting on publicizing the discriminatory suspension participates in the damage done and increases it exponentially. If Avvo had done this on its own instead of colluding with a state entity, Title II would not apply, but Avvo clearly colluded and that allows me to demand damages.

52.     Further, I seek a declaration that banning all disabled people from the practice of law, as Indiana does, violates Title II of the ADA. This is necessary so the defendant and all others who follow accept this fact and stop adding fuel to that ableism fire by publicizing its negative impacts causing reputation damage. The Indiana rule that bans all disabled people from practicing law is Ind. Adm. & Disc. Rule 23, Sections 2(c) & 3(b):

> Section 2.  Grounds for Discipline or Suspension
> Section 2(c)   Disability. **Any attorney who becomes disabled** by reason of physical or mental illness or infirmity * * * shall be **subject to suspension by reason of the disability**.
>
> Section 3(b)   Disability suspension. **Any attorney found disabled** by reason of physical or mental illness or infirmity * * * **shall be suspended indefinitely** for the duration of the disability.

## JURISDICTION AND VENUE

53.     This Court has jurisdiction over this action under 28 U.S.C. § 1331, as it is a federal question action based on the ADA Title II and its anti-collusion provisions in the ADA regulations, which is valid legislation under the 14th Amendment, plus Washington common law on defamation.

54. Venue properly lies in this federal district under 28 U.S.C. §1391(b)(1), as the defendant is a Seattle corporation.

I, *plaintiff* Andrew U. D. Straw, certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the above statements and factual representations are true and correct under penalty of perjury. **Date: February 25, 2020 (Manila Time)**

Respectfully submitted,

*[signature]*

s/ ANDREW U. D. STRAW
700 12th ST NW, STE 700
PMB 92403
Washington, D.C. 20005
Telephone: (847) 807-5237
andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that I filed the above COMPLAINT and and EXHIBIT(S) and 1 SUMMONS and a CIVIL COVER SHEET and *IFP* APPLICATION with *IFP* AFFIDAVIT and MOTION FOR U.S. MARSHAL SERVICE and USM 285 FORM with the Clerk of this Court via email on **February 25, 2020** (Manila Time), and this will be served on all attorneys of record as well as permanently available through Pacer.gov.

I provide a copy by email to Attorney Giberti, who represented Avvo in my attempt at arbitration.

Respectfully submitted,

*/s/ Andrew U. D. Straw/*

s/ ANDREW U. D. STRAW
700 12th ST NW, STE 700
PMB 92403
Washington, D.C. 20005
Telephone: (847) 807-5237
andrew@andrewstraw.com
*Plaintiff*, Proceeding *Pro Se*
www.andrewstraw.com