UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW U. D. STRAW,<br><br>                 Plaintiff,<br><br>     v.<br><br>AVVO, INC.,<br><br>                 Defendant. | CASE NO. C20-0294JLR<br><br>ORDER |

Before the court are three motions filed by Plaintiff Andrew U. D. Straw: (1) a motion for United States marshal service of the summons and complaint (Mot. for Serv. (Dkt. # 5)); (2) a motion for PACER and CM/ECF access (Mot. for Access (Dkt. # 6)); and (3) a motion to amend the complaint (Mot. to Am. (Dkt. # 8)). For the reasons set forth below, the court GRANTS Mr. Straw's motion for service, DENIES Mr. Straw's motion for PACER and CM/ECF access, and GRANTS Mr. Straw's motion to amend.

The court granted Mr. Straw's motion to proceed *in forma pauperis* ("IFP") in this matter. (*See* IFP Order (Dkt. # 3).) Pursuant to 28 U.S.C. § 1915(d) and Federal Rule of

Civil Procedure 4(c)(3), upon request, the court must order the United States Marshal or Deputy Marshal to serve the summons and complaint if a plaintiff has been authorized to proceed IFP. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Accordingly, the court GRANTS Mr. Straw's motion for United States marshal service of the summons and complaint.

Mr. Straw's motion for PACER and CM/ECF access requests (1) "unfettered access" to PACER so that Mr. Straw may conduct legal research, and (2) e-filing privileges and user status for the court's CM/ECF filing system so that Mr. Straw may have "a free copy of every court filing by email." (*See* Mot. for Access at 1-2.) Mr. Straw is already registered for electronic filer and electronic service status with the court's CM/ECF system. (*See* Not. (Dkt. # 7).) Because he has successfully registered for electronic service, he will receive one "free look" at all documents filed in this case. (*See id.*) Thus, Mr. Straw's request for a free copy of every court filing is moot as a result of his successful registration for e-service. Regarding his request for free access to PACER to conduct research, the court concludes that Mr. Straw has not made a showing that his PACER fees should be waived. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See United States v. MacCollom*, 426 U.S. 317, 321 (1976). Mr. Straw argues that his IFP status merits free PACER access. However, "[f]ree access to the PACER system is not a listed item under [28 U.S.C.] § 1915." *Meppelink v. Wilmington Sav. Fund Soc'y FSB*, No. C19-5655RJB, 2019 WL 7290779, at *2 (W.D. Wash. Dec. 30, 2019); *see also Katumbusi v. Gary*, No. 2:14-CV-1534 JAM AC, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014) ("[IFP]

status alone does not support a request to waive PACER fees."). Accordingly, the court DENIES Mr. Straw's motion for PACER and CM/ECF access.

Federal Rule of Civil Procedure 15(a)(1) dictates that a party may amend a pleading as a matter of course within 21 days of service. *See* Fed. R. Civ. P. 15(a)(1). Mr. Straw filed his complaint on February 25, 2020, after he was granted IFP status. (*See* Compl. (Dkt. # 4).) Mr. Straw filed his motion to amend on February 29, 2020. (*See* Mot. to Am.) Thus, Mr. Straw is entitled to amend as a matter of course under Rule 15. *See* Fed. R. Civ. P. 15(a)(1). Accordingly, the court GRANTS Mr. Straw's motion to amend his complaint.

For the foregoing reasons, the court GRANTS Mr. Straw's motion for service (Dkt. # 5), DENIES Mr. Straw's motion for PACER and CM/ECF access (Dkt. # 6), and GRANTS Mr. Straw's motion to amend (Dkt. # 8). The court ORDERS Mr. Straw to file his proposed amended complaint (*see* Prop. Am. Compl. (Dkt. # 8-2)) on the court's electronic docket within ten days of the filing date of this order. The court further ORDERS (1) the Clerk to issue the summons and provide copies of the summons and the amended complaint to the United States marshal or deputy marshal within seven days of Mr. Straw's filing of the amended complaint; and (2) the United States marshal or deputy marshal to serve Defendant Avvo, Inc. with a copy of the summons and amended

//

//

//

//

complaint within fourteen days of receipt of the summons and amended complaint from the Clerk.

Dated this 11th day of March, 2020.

JAMES L. ROBART
United States District Judge