UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW U. D. STRAW,<br><br>                Plaintiff,<br><br>    v.<br><br>AVVO, INC.,<br><br>                Defendant. | CASE NO. C20-0294 JLR<br><br>ORDER ON MOTION TO DISMISS, CROSS-MOTION FOR SUMMARY JUDGMENT, MOTION TO INCREASE PAGE LIMIT, MOTION TO STRIKE, AND MOTION TO SUPPLEMENT RECORD |

## I.    INTRODUCTION

There are five motions before the court: (1) Defendant Avvo, Inc.'s ("Avvo") motion to dismiss Plaintiff Andrew U. D. Straw's second amended complaint (MTD (Dkt. # 46); *see also* MTD Reply (Dkt. # 49)); (2) Mr. Straw's cross-motion for summary judgment, which is included in Mr. Straw's opposition to Avvo's motion to dismiss (MSJ & Resp. (Dkt. # 47)); (3) Mr. Straw's motion to increase the page limit for his cross-motion and response (Mot. to Increase (Dkt. # 48)); (4) Mr. Straw's motion to strike Avvo's response to his cross-motion for summary judgment (Mot. to Strike (Dkt.

# 

1  # 53)); and (5) Mr. Straw's motion to supplement the record on his intentional infliction

2  of emotion distress claim (Mot. to Supp. (Dkt. # 54)).  The court has considered the

3  motions, the parties' submissions filed in support of and in opposition to the motions, the

4  relevant portions of the record, and the applicable law.  Being fully advised, the court

5  GRANTS Avvo's motion to dismiss, GRANTS Mr. Straw's motion to increase the page

6  limit, DENIES Mr. Straw's cross-motion for summary judgment as moot, DENIES Mr.

7  Straw's motion to strike as moot, DENIES Mr. Straw's motion to supplement the record,

8  and DISMISSES Mr. Straw's complaint with prejudice and without leave to amend.

## II.   ANALYSIS

The court begins with Avvo's motion to dismiss and the filings related to that motion—Mr. Straw's motion to increase the page limit for his cross-motion and response and his motion to supplement the record.  First, the court GRANTS Mr. Straw's motion for additional pages.  The court agrees with Avvo that Mr. Straw's cross-motion for summary judgment is improper under the Local Rules.  *See* Local Rules W.D. Wash LCR 7(k).  Absent court approval on a briefing schedule for the combined motions, Mr. Straw should have filed his motion for summary judgment separately from his response to the motion to dismiss.  *See id.*  However, had Mr. Straw filed separately, he would have been entitled to a total of 48 pages of briefing for the two filings.  *See* Local Rules W.D. Wash LCR 7(e)(3).  Thus, the court concludes that granting Mr. Straw a total of 29 pages for his combined brief is appropriate.

However, the court DENIES Mr. Straw's motion to supplement the record for reasons the court previously explained to Mr. Straw.  (*See* 8/27/20 Order (Dkt. # 44) at 6

1  ("Mr. Straw cannot simply file a new 'motion to allow' or a 'notice' any time that he
2  wants the court to consider evidence or argument that he believes is pertinent to a motion
3  already pending before the court.").)  If Mr. Straw believes the information in his motion
4  to supplement is relevant to a pending motion, he should have included it in his briefing
5  on that motion.  Alternatively, if he believes the information is relevant to his complaint,
6  he should have included it in his second amended complaint.  Ultimately, because his
7  freestanding motion to supplement the record is procedurally deficient, the court rejects
8  it.
9        On the merits, the court GRANTS Avvo's motion to dismiss.  The court has
10 reviewed Mr. Straw's second amended complaint in detail and concludes that he did not
11 heed the court's warning to "carefully consider the deficiencies and caselaw identified in
12 [the court's August 27, 2020] order and to correct them if he decides to re-plead his
13 claims."  (*See* 8/27/20 Order at 15-16.)  Instead, the day after the court issued its order,
14 Mr. Straw filed a second amended complaint that raises the same claims based on
15 essentially the same facts and allegations that the court previously dismissed for failure to
16 state a claim.  (*Compare* 8/27/20 Order at 7-15 (detailing the inadequacies in Mr. Straw's
17 first amended complaint) *with* SAC (Dkt. # 45).)  As such, the court dismisses Mr.
18 Straw's second amended complaint under Federal Rule of Civil Procedure 12(b)(6) for
19 the same reasons that it dismissed the first amended complaint.  (*See* 8/27/20 Order at
20 7-15.)
21       Moreover, the court concludes that leave to amend is not warranted.  Mr. Straw
22 has already amended his complaint twice  (*see* FAC (Dkt. # 13); SAC), and the court

1  warned Mr. Straw that it was "unlikely to grant him another opportunity to amend" if he
2  filed another deficient complaint (*see* 8/27/20 Order at 16). Yet, despite the court's clear
3  warnings and instructions regarding the deficiencies in the first amended complaint, Mr.
4  Straw filed another deficient pleading that failed to cure any of the problems that the
5  court identified. Mr. Straw is not entitled to a fourth bite at the pleading apple. *See*
6  *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (noting that one
7  factor courts consider in denying leave to amend is "repeated failure to cure deficiencies
8  by amendments previously allowed"). Accordingly, the court dismisses Mr. Straw's
9  complaint with prejudice and without leave to amend.
10         Because the court dismisses this case with prejudice, the court DENIES Mr.
11 Straw's cross-motion for summary judgment as moot and DENIES Mr. Straw's motion to
12 strike Avvo's response to Mr. Straw's cross-motion for summary judgment as moot.
13         Finally, the court declines to issue sanctions or an order to show cause why
14 sanctions should not issue against Mr. Straw at this time. (*See* MTD Reply at 2.) Avvo
15 informs the court that Mr. Straw has continued to harass Avvo and its counsel outside
16 court, and Avvo suggests that this conduct is sanctionable. (*See id.*) The court has
17 previously outlined the grounds on which it has authority to issue sanctions (*see* 8/27/20
18 Order at 16-19), and Avvo has not meaningfully argued that Mr. Straw's conduct satisfies
19 any of those standards (*see* MTD Reply at 2). Thus, the court declines to consider
20 sanctions at this time. However, the court has reviewed the evidence Avvo submits in
21 support of its harassment allegations and advises Mr. Straw that the court is disappointed
22 that Mr. Straw ignored yet another court warning that he should focus on "the factual and

legal merits of his claims instead of on attacking opposing counsel or filling the court's docket with unnecessary notices and motions." (*See* 8/27/20 Order at 18; Doran Decl. (Dkt. # 50-1) ¶ 2, Ex. A at 5-6 (email from Mr. Straw to Avvo's counsel stating that Mr. Straw has filed a criminal complaint against Avvo and telling Avvo: "You want to see a shark frenzy?  Get ready.  The bar status false statement in my case is the first drops of blood in the water.").)  Although Mr. Straw's action has come to an end in this court, the court strongly advises Mr. Straw to comport himself with a higher degree of professionalism in future cases.

### III.   CONCLUSION

For the reasons set forth above, Avvo's motion to dismiss (Dkt. # 46) is GRANTED, Mr. Straw's motion to increase the page limit (Dkt. # 48) is GRANTED, Mr. Straw's motion to supplement the record (Dkt. # 54) is DENIED, Mr. Straw's cross-motion for summary judgment (Dkt. # 47) is DENIED as moot, and Mr. Straw's motion to strike (Dkt. # 53) is DENIED as moot.  Mr. Straw's second amended complaint is DISMISSED with prejudice and without leave to amend.

Dated this 9th day of November, 2020.

*[signature]*

JAMES L. ROBART
United States District Judge