UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW U.D. STRAW,<br><br>                Plaintiff,<br><br>  v.<br><br>AVVO, INC.,<br><br>                Defendant. | CASE NO. C20-0294JLR<br><br>ORDER DENYING<br>VOLUNTARY RECUSAL |

## I.   INTRODUCTION

Before the court is *pro se* Plaintiff Andrew U.D. Straw's motion to recuse. (Mot. (Dkt. # 59).) The undersigned has considered the motion and declines to recuse himself voluntarily from this case for the reasons set forth below. The court DIRECTS the Clerk to refer the motion to Chief Judge Ricardo S. Martinez for further review.

## II.   BACKGROUND

On February 24, 2020, Mr. Straw filed his complaint and application to proceed *in forma pauperis* in this matter. (*See* IFP Mot. (Dkt. # 1); IFP Order (Dkt. # 3); Compl.

ORDER - 1

(Dkt. # 4).) He amended his complaint on April 9, 2020. (*See* Am. Compl. (Dkt. # 13); *see also* 3/11/20 Order (Dkt. # 10) (granting Mr. Straw's motion to amend and for U.S. Marshal service of the amended complaint).) Mr. Straw asserted claims against Defendant Avvo, Inc. ("Avvo") for defamation; tortious interference with prospective contractual relations; intentional infliction of emotional distress; and violations of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12165. (*See generally id.*) These claims arose from statements that Avvo published on Mr. Straw's profile in a directory of lawyers on the Avvo.com website. (*See generally id.*)

On August 27, 2020, the court granted Avvo's motion to dismiss Mr. Straw's amended complaint and granted Mr. Straw leave to amend. (*See* 8/27/20 Order (Dkt. # 44).) Mr. Straw filed his second amended complaint on August 28, 2020. (*See* 2d Am. Compl. (Dkt. # 45).) On November 9, 2020, the court granted Avvo's motion to dismiss Mr. Straw's second amended complaint—this time with prejudice and without leave to amend—because Mr. Straw did not address the deficiencies identified in the court's prior order. (*See* 11/9/20 Order (Dkt. # 55); *see also* Judgment (Dkt. # 56).)[1] Mr. Straw appealed the dismissal to the Ninth Circuit Court of Appeals. (*See* Not. of Appeal (Dkt. # 57).) His appeal is still pending. (*See generally* Dkt.)

//

//

---

[1] During the proceedings in this court, Mr. Straw filed fifteen motions and numerous "notices." (*See* 8/27/20 Order at 4 (listing eleven motions and eleven "notices" that Mr. Straw filed between being granted leave to proceed in forma pauperis and the date of the court's order); 11/9/20 Order at 1-2 (listing four additional motions).)

ORDER - 2

### III. ANALYSIS

Mr. Straw moves, pursuant to 28 U.S.C. §§ 144 and 455, for the recusal of the undersigned. (*See generally Mot.*) He argues that recusal is necessary because Avvo's law firm, Davis Wright Tremaine LLP ("DWT"), employs an attorney who formerly served as one of the undersigned's law clerks while Mr. Straw's case was pending in this court. (*Id.* at 1-2.) He contends that "the existence of [the law clerk] on the roster of attorneys at DWT . . . favors the trial judge's clerk, his firm, and that firm's clients." (*Id.* at 2.) As a result, according to Mr. Straw, the undersigned violates his duty to be fair and impartial by continuing to preside over this case. (*Id.*) Mr. Straw asserts that because "Avvo has been wrong so severely in injuring [him] and with its false statements to courts and poor ethical judgment, taking data not allowed to be republished and publishing it to injure [him] over [his] objections, [he] want[s] a trial judge who has NO CONNECTION whatsoever to Avvo, its parent companies, or its lawyers." (*Id.* at 3.) If there is no such judge in this district, he asks that the Chief Judge of the Ninth Circuit "find someone who is unconnected and disinterested." (*Id.*)

Under the Local Civil Rules for the Western District of Washington, "[w]henever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily." Local Rules W.D. Wash. LCR 3(f). "If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." *Id.* "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person

with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks and alterations omitted).

The undersigned declines to recuse voluntarily from this case. The fact that a former law clerk now works for a law firm that represents a party in a matter before the court does not, without more, provide a basis for recusal. *See Omni Innovations LLC v. Smartbargains.com LP*, No. C06-1129JCC, 2009 WL 3248084, at *2 (W.D. Wash. Oct. 9, 2009) ("A rule barring former law clerks and externs, much less their entire law firms, from appearing in a particular court would be unreasonable and unjustified."). Moreover, the attorney to whom Mr. Straw refers in his motion did not work on Mr. Straw's case while he served as a law clerk and, according to DWT, has not worked on Mr. Straw's case since joining that firm. *See Hussain v. Nevada Sys. of Higher Educ.*, 458 F. App'x 659, 662 (9th Cir. 2011) (affirming denial of motion to disqualify judge where defense counsel's firm employed former law clerk and where former clerk did not work on case); *see also* Wash. R. Prof'l Conduct 1.12(a) (providing that a former judicial law clerk may not represent a party in a case in which the former clerk participated personally and substantially while employed as a clerk). Because the undersigned harbors no bias against Mr. Straw or in favor of Avvo or its attorneys, he declines to recuse himself voluntarily.

//

//

//

ORDER - 4

## IV. CONCLUSION

For the foregoing reasons, the undersigned declines to recuse himself voluntarily from this case. Pursuant to Local Civil Rule 3(f), the court DIRECTS the Clerk to refer Mr. Straw's motion (Dkt. # 59) to Chief Judge Ricardo S. Martinez for further review.

Dated this 21st day of April, 2021.

JAMES L. ROBART
United States District Judge