UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW U.D. STRAW, | CASE NO. C20-294 JLR |
| Plaintiff, | ORDER AFFIRMING ORDER DECLINING TO RECUSE |
| v. | |
| AVVO, INC., | |
| Defendant. | |

This matter is before the Court for review of United States District Judge James L. Robart's order denying Plaintiff's request that he voluntarily recuse himself from this case. Dkt. #59; LOCAL RULES W.D. WASH. LCR 3(f) (order denying voluntary judicial recusal referred to the Chief Judge for review). Having reviewed the matter, the Undersigned affirms Judge Robart's order.

Plaintiff initiated this action against Defendant Avvo, Inc. related to information published on Defendant's website. Dkt. #4. The Court twice granted dismissal on motions by Defendant. After the first dismissal, Plaintiff was granted leave to amend his complaint. Dkt. #44. However, Plaintiff's amended complaint did not address the deficiencies warranting dismissal and the Court's second dismissal was accordingly granted with prejudice and without

ORDER – 1

1  leave to amend. Dkt. #55. Plaintiff filed a notice of appeal and his appeal remains pending
2  before the United States Court of Appeals for the Ninth Circuit. Dkt. #57.
3        After filing his appeal, Plaintiff sought to have Judge Robart voluntarily recuse himself
4  from Plaintiff's case in the event any further district court proceedings occur. Dkt. #59. Plaintiff
5  bases his request upon his discovery that one of the more than 500[1] lawyers employed by Davis
6  Wright Tremaine LLP ("DWT"), local counsel for Defendant, formerly clerked for Judge Robart.
7  *Id.* at 1. Plaintiff alleges that "[t]his was more than a little reason for the trial judge to favor
8  [Defendant]." *Id.* Due to Plaintiff's prior experience in an unrelated Indiana action, he indicates
9  that he has "a zero tolerance for such connections, such favoritism due to clerkships," and that
10 "[t]he existence of [a former clerk] on the roster of attorneys at DWT is enough" to make a judge
11 impartial. *Id.* at 2.
12       A "judge of the United States shall disqualify himself in any proceeding in which his
13 impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also* 28 U.S.C. § 144.
14 This includes circumstances where the judge has "a personal bias or prejudice concerning a party,
15 or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C.
16 § 455(b)(1). Recusal is appropriate if "a reasonable person with knowledge of all the facts would
17 conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic*
18 *Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with
19 whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*,
20 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).
21       Plaintiff has not set forth a basis upon which Judge Robart's impartiality may reasonably
22 be questioned. Plaintiff does not allege that Judge Robart's former clerk has worked on this
23
24 _____
[1] https://en.wikipedia.org/wiki/Davis_Wright_Tremaine

ORDER – 2

matter on behalf of Avvo.  Plaintiff does not allege that Judge Robart's former clerk has any information related to the case that is not in the public record.  Plaintiff does not allege that any communication related to his case has occurred between Judge Robart and his former clerk.  Rather, Plaintiff speculates, without a factual basis, that Judge Robart will favor the clients of a large firm that now employs a single attorney who previously clerked for Judge Robart.  *Omni Innovations, LLC v. Smartbargains.com LP*, Case No. 06-cv-1129-JCC, 2009 WL 3248084, at *2 (W.D. Wash. Oct. 6, 2009) ("A rule barring former law clerks and externs, much less their entire law firms, from appearing in a particular court would be unreasonable and unjustified.").  Such speculation does not establish an objective basis to conclude that Judge Robart's impartiality can reasonably be questioned.

      Accordingly, and for the reasons set forth above, the Court finds and ORDERS that Judge Robart's order declining to disqualify himself (Dkt. #60) is AFFIRMED.

      DATED this 27th day of April, 2021.

RICARDO S. MARTINEZ  
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3