# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ANDREW U.D. STRAW, | CASE NO. C20-294 JLR |
| Plaintiff, | ORDER DENYING RECONSIDERATION |
| v. | |
| AVVO, INC., | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion to Reconsider. Dkt. #62. Plaintiff requests that the Undersigned reconsider his prior order affirming United States District Judge James L. Robart's refusal to voluntarily recuse himself from Plaintiff's case. Dkt. #61. For the reasons that follow, the Court denies the motion.

"Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LOCAL RULES W.D. WASH. LCR 7(h)(1). Plaintiff's motion fails to satisfy either standard and the Court accordingly denies the request for reconsideration.

The Court has already twice rejected Plaintiff's request that Judge Robart no longer preside over his case. Judge Robart first declined to voluntarily recuse himself because Plaintiff's

ORDER – 1

request was contrary to prior precedent within this District and wholly lacked a factual basis. *See generally* Dkt. #60. The Undersigned then affirmed Judge Robart's decision and noted that Plaintiff's request failed to provide any factual basis for recusal as it was premised only on speculation. *See generally* Dkt. #61. Plaintiff now returns with further speculative allegations and the Court again rejects Plaintiff's arguments.

Plaintiff first points to lies and misrepresentations in this action by Defendant, presumably only ferreted out by Plaintiff recently. *See generally* Dkt. #62 at ¶¶ 3–5. But Plaintiff's factual allegations do not demonstrate a basis for judicial disqualification and instead represent Plaintiff's attempt to reargue the merits of his case. But "[m]otions for reconsideration are not a vehicle for a litigant to attempt a second bite at the apple by raising facts or arguments" previously available. *Karpenski v. Am. Gen. Life Companies, LLC*, 999 F. Supp. 2d 1235, 1239 (W.D. Wash. 2014) (citations omitted). Further warranting rejection, Plaintiff provides no explanation why he could not have raised these allegations earlier.

Plaintiff's inherent argument that these new facts demonstrate error and bias in the Court's rulings similarly fails. Plaintiff makes clear that he disagrees with the Court's prior orders, which are now the subject of Plaintiff's pending appeal before the United States Court of Appeals for the Ninth Circuit. *See generally* Dkt. #62. But the Court's "prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (to warrant recusal, "[t]he alleged bias and prejudice . . . must stem from an extrajudicial source") (citing *Berger v. United States*, 255 U.S. 22, 31 (1921)).

Lastly, the Court rejects Plaintiff's speculative vision of a vast Republican crusade against him. Plaintiff's alleged conspiracy springs from the underlying facts of this case and Plaintiff's

ORDER – 2

other legal proceedings,[1] swells to include Defendant's counsel,[2] and finally engulfs the Court, corrupting the Court's rulings with biased "Republican partisanship."[3] After all, "[t]he trial judge is a Republican [and the] Chief Judge [] is a Republican, both appointed by President Bush, a Republican." Dkt. #62 at ¶ 5. Put simply, Plaintiff's baseless speculation does not serve as any more of a basis for reconsideration than it served as a basis for judicial disqualification.[4]

Accordingly, having considered Plaintiff's motion and the remainder of the record, and for the reasons set forth above, the Court finds and ORDERS that Plaintiff's Motion to Reconsider (Dkt. #62) is DENIED.

DATED this 29th day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Dkt. #62 at ¶ 9 (alleged "sanctions" posted on Defendant's website arose from an Indiana "court that is 100% Republican" and the Seventh Circuit afforded Plaintiff no relief because it's "80% Republican").

[2] *Id.* at ¶ 7 (Davis Wright Tremaine "includes a bevy of Republican lawyers who have represented the Republican Party" in state and federal actions).

[3] *Id.* at ¶ 10.

[4] Plaintiff's baseless speculation is regrettable in light of his legal training. Plaintiff should know that "[a] lawyer's representation of a client, including representation by appointment, does not constitute an endorsement of the client's political, economic, social or moral views or activities." MODEL RULES OF PRO. CONDUCT r. 1.2(b) (AM. BAR ASS'N, 2020). Nor is it appropriate, especially in the current social and political climate, to insinuate that a federal judge's legal rulings are in any manner beholden to the political leanings of the President that nominated the judge for consideration by the United States Senate. As forcefully stated by Chief Justice John Robert's in his widely reported defense of the judiciary, "[w]e do not have Obama judges or Trump judges, Bush judges or Clinton judges. What we have is an extraordinary group of dedicated judges doing their level best to do equal right to those appearing before them." Mark Sherman, *Roberts, Trump Spar in Extraordinary Scrap Over Judges*, ASSOCIATED PRESS, Nov. 21, 2018, https://apnews.com/c4b34f9639e141069c08cf1e3deb6b84.

ORDER – 3