UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW U.D. STRAW,<br><br>Plaintiff,<br><br>v.<br><br>AVVO, INC.,<br><br>Defendant. | CASE NO. C20-294 JLR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter is before the Court on Plaintiff's Motion to Reconsider. Dkt. #64. Over five months ago, the Honorable United States District Judge James L. Robart denied Plaintiff's request that he voluntarily recuse himself from this matter. Dkt. #60. According to this Court's local rules, Judge Robart's order was referred to the undersigned and was subsequently affirmed. Dkt. #61. Plaintiff immediately sought reconsideration. Dkt. #62. The Court denied Plaintiff's request because, to the extent he presented new arguments, Plaintiff provided no reason that he could not have earlier brought his new arguments before the Court. Dkt. #63. Plaintiff now files another motion for reconsideration advancing his arguments which have already been addressed. Dkt. #64. The Court again denies Plaintiff's motion for reconsideration.

"Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or

ORDER – 1

legal authority which could not have been brought to its attention earlier with reasonable diligence." LOCAL RULES W.D. WASH. LCR 7(h)(1). Plaintiff's motion fails to satisfy either standard and the Court accordingly denies the request for reconsideration.

To the extent Plaintiff makes any new argument for recusal, it is that President Biden's recent judicial nominations to fill vacancies on this Court present new opportunities for assignment of Plaintiff's case to a judge more to his liking. But this does not alter the fundamental absence of a basis upon which recusal is warranted. Plaintiff makes clear that he presents no new facts or legal authority and is instead asking "one last time" with a "more direct" motion. Dkt. #64 at ¶¶ 26–27.

Plaintiff's motion for reconsideration is entirely untimely. See Local Rules W.D. Wash. LCR 7(h) (requiring that a motion for reconsideration "be filed within fourteen days after the order to which it relates is filed"). Additionally, Plaintiff has an appeal pending before the Ninth Circuit Court of Appeals. *Straw v. Avvo, Inc.*, Case No. 20-35971 (9th Cir. 2020).

Further, the Court has already fully addressed Plaintiff's arguments for recusal. Nothing in Plaintiff's new motion establishes a basis for recusal and his arguments fail for the same reasons previously provided Plaintiff.

Accordingly, having considered Plaintiff's motion and the remainder of the record, and for the reasons set forth above, the Court finds and ORDERS that Plaintiff's Motion to Reconsider (Dkt. #64) is DENIED.

DATED this 6th day of October, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 2