UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW U.D. STRAW, | CASE NO. C20-294 JLR |
| Plaintiff, | ORDER AFFIRMING SECOND ORDER DENYING VOLUNTARY RECUSAL |
| v. | |
| AVVO, INC., | |
| Defendant. | |

## I.  INTRODUCTION

This matter is before the Court for review of the Honorable United States District Court Judge James L. Robart's order denying Plaintiff's second request that Judge Robart voluntarily recuse himself from this case.  Dkt. #67; LOCAL RULES W.D. WASH. LCR 3(f) (orders declining to voluntarily recuse referred to the Chief Judge for review).  Having reviewed the matter, the Court affirms Judge Robart's order.

## II.  BACKGROUND

Plaintiff initiated this action against Defendant Avvo, Inc. related to information published on Defendant's website.  Dkt. #4.  The Court twice granted dismissal on motions by Defendant.  After the first dismissal, Plaintiff was granted leave to amend his complaint.  Dkt. #44.  However, Plaintiff's amended complaint did not address the deficiencies warranting

ORDER – 1

dismissal and the Court granted the second dismissal with prejudice and without leave to amend. Dkt. #55. Plaintiff filed a notice of appeal and his appeal remains pending before the United States Court of Appeals for the Ninth Circuit. Dkt. #57.

After filing his appeal, Plaintiff sought to have Judge Robart voluntarily recuse himself from Plaintiff's case in the event of further proceedings before this Court. Dkt. #59. Plaintiff's first request was based upon his discovery that a former law clerk to Judge Robart is now employed by Defendant's local counsel, Davis Wright Tremaine LLP ("DWT"). *Id.* at 1. As a result, Plaintiff alleged that Judge Robart could not be impartial in this matter. *Id.* at 1–2. Judge Robart denied Plaintiff's motion and the Undersigned affirmed the decision. Dkts. #60 and #61. Plaintiff sought reconsideration of the Undersigned's order, which was denied on April 29, 2021. Dkts. #62 and #63.

On October 5, 2021, Plaintiff filed another motion requesting that the Undersigned reconsider his prior orders affirming Judge Robart's order and denying reconsideration. Dkt. #64. By separate order, the Undersigned denied Plaintiff's second motion for reconsideration as untimely, duplicative, and unfounded. Dkt. #69.

Also on October 5, 2021, Plaintiff filed a second motion seeking to have Judge Robart voluntarily recuse himself from this matter. Dkt. #65. Therein, Plaintiff made the same arguments that the Undersigned has already rejected in his consideration of Plaintiff's earlier motions. *Id.* As characterized by Judge Robart, in his order denying voluntary recusal,

> Mr. Straw asserts, as he did in his first motion for reconsideration, that there is a vast Republican conspiracy against him made up of attorneys at Avvo's counsel's law firm; judges in Indiana, the Seventh Circuit Court of Appeals, and this district; and managers of an alleged parent company of Avvo. Mr. Straw also reasserts his prior argument that recusal is necessary because one of this court's prior law clerks began to work for Avvo's counsel's law firm after his clerkship ended.

ORDER – 2

1    Dkt. #67 at 3 (citations omitted).  However, Judge Robart noted that Plaintiff's baseless
2    speculation about a vast Republican conspiracy against him did not provide a factual basis for
3    recusal and that Defendant's counsel's law firm's employment of one of Judge Robarts's former
4    law clerks did not provide a legal basis for recusal.  Dkt. #67 at 4.  Accordingly, Judge Robart
5    reiterated that he "harbors no bias against [Plaintiff] or in favor of [Defendant] or its attorneys,"
6    denied Plaintiff's request for voluntary disqualification, and referred his order to the
7    Undersigned.  *Id.* at 4–5.

## III.  DISCUSSION

### A.  Legal Standard

A "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a); *see also* 28 U.S.C. § 144. This includes circumstances where the judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  Recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

### B.  Judge Robart's Order Should Be Affirmed

The Court finds that the analysis in Judge Robart's prior orders and the Undersigned's prior orders apply with equal force to its consideration of Judge Robart's Second Order Denying Voluntary Recusal and incorporates them herein.  *See* Dkts. #59, #60, #61, #63, and #67.  Suffice it to say, Plaintiff's recycled arguments fare no better the second, and sometimes third, time.

ORDER – 3

Plaintiff sets forth no factual or legal basis upon which to reasonably question Judge Robart's impartiality and recusal is not warranted.

## IV.     CONCLUSION

Accordingly, and for the reasons set forth above and in the incorporated orders, the Court finds and ORDERS that Judge Robart's Second Order Denying Voluntary Recusal (Dkt. #67) is AFFIRMED.

DATED this 6th day of October, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE