**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW U.D. STRAW, Esquire, | No. 20-35971 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:20-cv-00294-JLR |
| AVVO, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted December 14, 2021**

Before:   WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Andrew U.D. Straw appeals pro se from the district court's judgment dismissing his action alleging Americans with Disabilities Act ("ADA") and state law claims arising from defendant Avvo's publication of information regarding Straw on its website. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

  *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).  We may affirm on any basis supported by the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm.

Dismissal of Straw's defamation claim was proper because Straw did not adequately allege actual malice.  *See Wood v. Battle Ground Sch. Dist.*, 27 P.3d 1208, 1222 (Wash. Ct. App. 2001) (plaintiff alleging per se damages in a defamation claim must show actual malice); *see also Duc Tan v. Le*, 300 P.3d 356, 366 (Wash. 2013) (en banc) (requirements for demonstrating actual malice).

In his opening brief, Straw failed to address any of the grounds for dismissal of his ADA claim and has therefore waived his challenge to the district court's order.  *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . ."); *Acosta Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in a pro se appellant's opening brief are waived).

We reject as meritless Straw's contentions that the district court failed to consider Straw's cross-motion for summary judgment, that the district court was biased against Straw, or that the district court showed disdain for Straw's First Amendment rights.

All pending motions and requests are denied.

**AFFIRMED.**