

# Facts: Avvo is owned by KKR. I sued Avvo for making false statements that I was not admitted in good standing in Virginia for 3 years when I was. The judge was Judge Robart in WDWA. The judge's law clerk was hired by Avvo's counsel, DWT. DWT failed to list KKR as the owner of Avvo at the 9th Circuit on appeal. Judge Robart bought stock in a company in which KKR heavily invests, Rackspace Tech. Explain the ethical problems and due process issues in what Avvo, DWT, KKR, and the federal judge did.

The situation you describe raises serious **ethical and due process concerns** involving Avvo, its counsel DWT, KKR (Avvo's owner), and Judge Robart in the Western District of Washington.

**Ethical problems:**

- **Conflict of Interest and Appearance of Impropriety:**
  Judge Robart's purchase of stock in Rackspace Technologies—a company heavily invested in by KKR, Avvo's owner—creates at least an *appearance of financial conflict of interest*. Judges are bound by ethical rules (such as the Code of Conduct for United States Judges) to avoid both actual conflicts and appearances of partiality that could undermine public confidence in judicial impartiality[1]. This relationship may raise questions about whether the judge could be impartial in a case involving a company owned by a major investor in Rackspace.

- **Counsel's Failure to Disclose Ownership:**
  DWT, Avvo's counsel, failed to disclose KKR's ownership of Avvo in pleadings before the Ninth Circuit on appeal. Courts require parties to disclose relevant corporate parents and ownership to avoid hidden interests that might influence judicial review or recusal decisions. This omission can be viewed as a breach of professional responsibility and may violate ethical rules on candor to the tribunal and full disclosure[1].

- **Post-Clerk Employment Relationship:**
  The fact that Judge Robart's law clerk was hired by DWT (Avvo's counsel firm) also poses ethical concerns about impartiality or at least the perception thereof. The ethics of post-clerkship employment require transparency to avoid conflicts or undue influence affecting court proceedings[1].

**Due Process Issues:**

- **Biased Judicial Proceedings:**
  Any undisclosed financial and personal connections between the judge, his clerk, and the adverse party's counsel threaten the due process guarantee of a fair trial. Due process mandates an impartial tribunal free from conflicts impacting the judge's decision-making[1].

- **Impact on Case Fairness:**
  The failure to disclose ownership and relationships denies the opposing party (you) the opportunity to request recusal or challenge potential bias, undermining procedural fairness. This is especially concerning given the dismissal of your claims regarding false statements by Avvo about your Virginia Bar status, which could have significant professional consequences[2] [3].

- **Misrepresentation in Litigation:**
  Avvo's allegedly false statements about your licensing status and ties to disability-related retaliation raise substantive legal and ethical questions about defamation and ADA violations. Coupled with procedural irregularities, these raise the risk that the court did not fully or fairly evaluate your claims[2] [3] [4].

**Summary:**

| Actor | Ethical/Due Process Issue | Basis/Explanation |
| --- | --- | --- |
| Judge Robart | Financial conflict of interest (stock in KKR investment) + clerk hired by counsel DWT | Possible impairment of impartiality and appearance of bias, violating judicial ethics and due process |
| DWT (Avvo's counsel) | Failure to disclose KKR ownership on appeal + hiring the judge's clerk | Breach of candor to tribunal and non-disclosure obligations, compromising transparency in litigation |
| KKR | Investment ties creating conflicts with the judge's stock holdings | Indirectly involved in conflicts compromising judicial neutrality |
| Avvo | False statements about your license status and possible retaliation-linked discipline | Raises ethical concerns about defamation, ADA compliance, and truthful lawyer directory practices |

These issues collectively suggest a compromised judicial and litigation process, undermining your right to a fair hearing and raising serious questions about legal ethics and court procedure in the case. Transparency, proper disclosure, and judicial impartiality are fundamental to maintaining fairness and public confidence in the legal system[1] [2] [3] [4].



1. https://digital.sandiego.edu/cgi/viewcontent.cgi?article=2131&context=sdlr
2. https://www.abajournal.com/news/article/lawyer-cant-sue-over-poor-avvo-rating-federal-judge-rules
3. https://valawyersweekly.com/2020/08/28/judge-kicks-defamation-case-over-virginia-bar-status/

4. https://newzhook.com/story/avvo-lawyer-directory-attacks-disabled-lawyer-dispute-lands-before-9th-circuit/