

# explain how lying about the active in good standing state law licensure of a federal attorney admitted to a court of appeals may violate 18 U.S.C. § 1503(a). focus on the case where a lawyer directory falsely says the federal attorney's law license is not in active in good standing for 3 years when it in fact was active in good standing for those 3 years.

Lying about a federal attorney's **active and in good standing state law licensure** in a lawyer directory—specifically falsely stating that the attorney's license has not been active in good standing for three years when it actually was—can implicate **18 U.S.C. § 1503(a)**, the federal obstruction of justice statute, under certain conditions.

### How 18 U.S.C. § 1503 Applies

- **18 U.S.C. § 1503(a)** criminalizes corrupt actions that **endeavor to influence, intimidate, or impede any officer of the court**, including federal attorneys, grand or petit jurors, or other judicial officials, in the due administration of justice [1] [2]. The statute protects the integrity of judicial and government processes and bars conduct that interferes with their proper functioning.

- A federal attorney admitted to a court of appeals is an officer of the court. **Misrepresentations about the attorney's licensure status may improperly impede or influence the court's administration of justice** by undermining the attorney's credibility, professional standing, or eligibility to appear before the court [1] [2].

### Specifics Regarding the False Lawyer Directory Listing

- If a **lawyer directory falsely states that a federal attorney's state law license is not active in good standing** for three years, when it was in fact active and in good standing during that time, this constitutes a **material false statement** about the attorney's qualifications and authority to practice [3].

- Such a falsehood may **interfere with the attorney's ability to represent clients or be recognized by the court**, potentially impeding the judicial process. Since courts and opposing counsel rely on accurate licensure status to evaluate an attorney's standing and fitness to practice, a willful false statement in this regard could be viewed as obstructing justice under § 1503 by impairing the administration of legal proceedings [1] [3].

- While § 1503 is often applied to more direct forms of obstruction, such as intimidating jurors or witness tampering, courts have interpreted its scope broadly to include actions that **corruptly impede or influence judicial officers or proceedings**, which arguably includes misrepresenting an attorney's licensure status to undermine their role in the court [1] [4].

## Key Elements for Violation Under 18 U.S.C. § 1503(a)

1. **Corrupt intent:** The false listing must be made knowingly and with the intent to interfere with the judicial process or the attorney's role therein [1] [2].

2. **Effort to impede or influence:** The misrepresentation must be an endeavor to impede the due administration of justice, such as by causing the court or opposing parties to question the attorney's legitimacy, thus affecting court proceedings or decisions [1].

3. **Relation to a judicial or governmental proceeding:** The attorney's appearance or participation in the court of appeals (a federal court proceeding) and the corresponding licensure status is directly connected to the justice system protected under the statute [1] [2].

## Additional Professional Conduct and Legal Considerations

- Beyond criminal obstruction liability, **lawyers and organizations listing attorneys' credentials are subject to professional and ethical rules** prohibiting dishonest or fraudulent statements about licensure (ABA Model Rules 3.3, 4.1, 8.4) [3] [5].

- Knowingly presenting false statements about attorney licensure can also result in **disciplinary sanctions**, civil liability, and reputational damage for the parties involved [3].

## Summary

Lying about the active and in good standing status of a federal attorney's state law license in an official or relied-upon lawyer directory could violate **18 U.S.C. § 1503(a)** if the falsehood is made corruptly with intent to impede the proper administration of justice in a federal court proceeding where the attorney participates. This statute broadly prohibits endeavors that obstruct justice by influencing or impeding judicial officers, including attorneys admitted to practice before the court [1] [6] [2]. The false statement undermines the attorney's professional standing, potentially interfering with court processes and thus may constitute criminal obstruction of justice under § 1503(a).



1. https://www.justice.gov/archives/jm/criminal-resource-manual-1721-protection-government-processes-obstruction-justice-scope-18-usc

2. https://www.law.cornell.edu/uscode/text/18/1503

3. https://www.linkedin.com/pulse/law-truth-lies-mark-n-goodman-j-d-ll-m-

4. https://www.justice.gov/archives/jm/criminal-resource-manual-1724-protection-government-processes-omnibus-clause-18-usc-1503

5. https://www.dcbar.org/for-lawyers/legal-ethics/rules-of-professional-conduct/advocate/candor-to-tribunal

6. https://codes.findlaw.com/us/title-18-crimes-and-criminal-procedure/18-usc-sect-1503/