UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW U. D. STRAW, | CASE NO. C20-0294JLR |
| Plaintiff, | ORDER |
| v. | |
| AVVO, INC., | |
| Defendant. | |

## I.   INTRODUCTION

Before the court is *pro se* Plaintiff Andrew U. D. Straw's motion for leave to reopen this matter and allow him to amend his complaint to add a claim for breach of contract. (Mot. (Dkt. # 80).)  Because judgment has already been entered in this case (*see* Judgment (Dkt. # 56)), the court liberally construes Mr. Straw's motion to reopen as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  The court has considered the motion, the relevant portions of the record, and the applicable law.  Being fully advised, the court DENIES Mr. Straw's motion.

ORDER- 1

## II.     BACKGROUND

Mr. Straw, who is proceeding *in forma pauperis*, filed this action in February 2020, and amended his complaint shortly thereafter.  (*See* IFP App. (Dkt. # 1); IFP Order (Dkt. # 3); Compl. (Dkt. # 5); Am. Compl. (Dkt. # 13).)  Mr. Straw alleged that Defendant Avvo, Inc. ("Avvo"), a website that compiles and maintains an electronic directory of lawyers, defamed him by publishing allegedly false information about him.  (*See* 8/27/20 Order (Dkt. # 44) at 2-3 (summarizing the allegations in Mr. Straw's amended complaint).)  Based on this conduct, Mr. Straw raised claims against Avvo for defamation, tortious interference with contractual relations, intentional infliction of emotional distress, and discrimination in violation of the Americans with Disabilities Act.  (*See id.* at 3.)

In August 2020, the court granted Avvo's motion to dismiss and granted Mr. Straw leave to file a second amended complaint.  (*See generally id.*; *see* 2d Am. Compl. (Dkt. # 45).)  In November 2020, the court granted Avvo's second motion to dismiss; dismissed Mr. Straw's second amended complaint with prejudice and without leave to amend; and entered judgment.  (2d MTD (Dkt. # 46); 11/9/20 Order (Dkt. # 55); Judgment.)  Mr. Straw timely appealed the order and judgment.  (1st NOA (Dkt. # 57).)

In April 2021 and October 2021, while his appeal was pending, Mr. Straw twice moved the undersigned to recuse from this case because Avvo's law firm employed one of the court's former law clerks.  (*See* Dkt. ## 59, 65.)  The undersigned twice declined to voluntarily recuse (*see* Dkt. ## 60, 67), and the Chief District Judge affirmed the denials

of voluntary recusal (*see* Dkt. ## 61, 71).  Mr. Straw appealed the first denial of recusal.  (2d NOA (Dkt. # 68).)

On December 16, 2021, the Ninth Circuit Court of Appeals affirmed the court's judgment dismissing Mr. Straw's claims and dismissed Mr. Straw's appeal of the denial of recusal as frivolous.  (9th Cir. Mem. (Dkt. # 75); 9th Cir. Order (Dkt. # 76).)  The Ninth Circuit issued its mandates on Mr. Straw's appeals on January 7, 2022, and April 7, 2022.  (*See* Dkt. ## 77, 79).)

Mr. Straw filed the instant motion to reopen this case on July 16, 2025—more than four years after the court entered judgment, and more than three years after the Ninth Circuit issued its mandates.  (Mot.)  He asks the court for leave to file a third amended complaint, in which he intends to assert a claim against Avvo for breach of contract arising from its alleged failure to pay fees to arbitrate this matter under Avvo's terms of service.  (*Id.* at 2; *see also* Affidavit (Dkt. # 80-1) ¶¶ 2-3.)

### III.    ANALYSIS

As noted above, the court construes Mr. Straw's motion as a motion for relief from judgment under Rule 60(b).  Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances[.]" *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  These circumstances are (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) newly discovered evidence; (3) "fraud . . . , misrepresentation, or other misconduct by an opposing party"; (4) a void judgment, (5) "the judgment has been satisfied, released, or discharged"; and (6) "any other reason justifying relief." Fed. R. Civ. P. 60(b)(1)-(6).  "A motion under Rule 60(b)

must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Mr. Straw has not shown that any of these circumstances apply here. First, to the extent Mr. Straw seeks to reopen this case based on the first three Rule 60(b) grounds, that relief is time-barred because more than one year has elapsed since the entry of judgment in November 2020. Fed. R. Civ. P. 60(c)(1). Second, because Mr. Straw has provided no evidence that the judgment was "premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard[,]" he cannot show that the judgment is void under Rule 60(b)(4). *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Third, Mr. Straw makes no argument that the judgment has been "satisfied, released, or discharged" under Rule 60(b)(5). And finally, Mr. Straw has not demonstrated "'extraordinary circumstances' justifying the reopening of a final judgment" under Rule 60(b)(6). *Gonzalez*, 545 U.S. at 535 (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). "'Extraordinary circumstances occur where there are "other compelling reasons" for opening the judgment' that prevented the movant from raising the basis of the motion during the pendency of the case." *Martinez v. Shinn*, 33 F.4th 1254, 1262 (9th Cir. 2022) (per curiam) (quoting *Bynoe v. Baca*, 966 F.3d 972, 979, 983 (9th Cir. 2020)). Here, Mr. Straw argues only that he should be able to revive this action "to make [it] about a breach of contract rather than a tort case, which it was originally." (Mot. ¶ 1.) He does not explain why could not raise his breach of contract claim in his original, first

amended, or second amended complaints.  (*See generally* Mot.; Affidavit; *see also* Compl. ¶¶ 1-3 (asserting that he was entitled to sue in federal court because Avvo waived arbitration refusing to pay the fee).)  Accordingly, the court finds no basis for granting Mr. Straw relief from judgment under Rule 60(b) and denies his motion to reopen.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Mr. Straw's motion to reopen (Dkt. # 80).

Dated this 18th day of July, 2025.

JAMES L. ROBART
United States District Judge